## City of Chicago, Defendant in Error, v. John Doe, alias Dave Smith, Plaintiff in Error.

### Gen. No. 21,088. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Prosecution by the City of Chicago against John Doe, *alias* Dave Smith, defendant, in the Municipal Court of Chicago, charging defendant with the violation of an ordinance. To reverse a judgment of conviction with a fine of two hundred dollars, defendant prosecutes this writ of error.

The amended complaint of W. J. Hoffman, signed, sworn to and filed on October 22, 1914, alleged that John Doe, *alias* Dave Smith, on September 19, 1914, at the City of Chicago, "was then and there the keeper of a certain common, ill-governed and disorderly house, then and there kept for the encouragement of idleness, gaming, drinking, fornication, and other misbehavior, then and there located at 515 N. La Salle St., in the City of Chicago, in violation of section 2019 of the Revised Municipal Code of Chicago." Prior to the trial the defendant moved to quash and strike said complaint from the files, which motion was denied. The jury returned a verdict finding the defendant "guilty

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a violation of the ordinance, described in the complaint herein, known as section 2019,'' and assessing a fine against him of two hundred dollars. After overruling motions for a new trial and in arrest of judgment, the court entered judgment upon the verdict against defendant for two hundred dollars and costs, which judgment the defendant by this writ seeks to reverse.

While it does not appear from the transcript that said section 2019 was formally introduced in evidence before the jury, it does appear that the court in the oral charge to the jury stated that "the ordinance under which the city is proceeding in this case reads as follows: 'Every common, ill-governed or disorderly house, room or other premises, kept for the encouragement of idleness, gaming, drinking, fornication or other misbehavior, is hereby declared to be a public nuisance, and the keeper and all persons connected with the maintenance thereof, and all persons patronizing or frequenting the same, shall be fined not exceeding two hundred dollars for each offense.' ''

M. A. ZELENSKY, for plaintiff in error.

JOHN W. BECKWITH and A. J. W. APPELL, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 36*—*when presumed that court took judicial notice of ordinance.* In a prosecution in the Municipal Court of Chicago, charging defendant with the violation of an ordinance of the City of Chicago, a judgment of conviction *held* not erroneous although it did not appear that the ordinance alleged to have been violated was formally offered in evidence, for the reason that under section 54 of the Municipal Court Act (J. & A. ¶ 3371),

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

requiring such court to take judicial notice of all general ordinances of such city, it is to be presumed that judicial notice was taken of the ordinance alleged to have been violated.

2. MUNICIPAL COURT OF CHICAGO, § 36*—*when presumed that court correctly stated provisions of ordinance.* In a prosecution in the Municipal Court of Chicago, charging defendant with a violation of an ordinance of the City of Chicago, it is to be presumed that the court correctly stated the provisions· of the ordinance alleged to have been violated, where it appears that in an oral charge the court told the jury what were the provisions of such ordinance.

3. DISORDERLY HOUSE, § 1*—*when remedy to make complaint more specific.* In a prosecution in the Municipal Court of Chicago, charging defendant with keeping a disorderly house in violation of an ordinance, a motion to quash the complaint *held* properly denied, for the reason that in case the complaint was not sufficiently specific defendant's remedy is in a motion for a more specific statement of the offense charged and not by a motion to quash.

4. DISORDERLY HOUSE, § 6*—*when judgment of conviction sustained by evidence.* In a prosecution charging defendant with keeping a disorderly house in violation of an ordinance, a judgment of conviction *held* not against the weight of the evidence.

5. DISORDERLY HOUSE, § 7*—*when charge not prejudicially erroneous.* In a prosecution charging defendant with keeping a disorderly house in violation of an ordinance, where certain portions of an oral charge were assigned as error, the whole charge as an entirety *held* not prejudicially erroneous.